UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEENAN R. HAUKE,<br><br>        Plaintiff,<br><br>        v.<br><br>LARRY MACKEY,<br>THE LAW FIRM OF BARNES AND<br>THORNBURG,<br><br>        Defendants. | No. 2:18-cv-00348-WTL-MJD |

**Entry Granting Request to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis*, Dkt. No. 1, is **granted**. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II.**

Plaintiff Keenan Hauke has filed a "motion to file a civil suit." This filing has been treated as a complaint and a civil case has been initiated. Mr. Hauke brings this action against his former lawyer Larry Mackey and Mr. Mackey's law firm. Mr. Hauke contends that, in the course of criminal proceedings against him, Mr. Mackey provided him inadequate representation because he was pursuing an affair with his wife. He brings this case in federal court because he

believes, based on the decision of the Indiana Supreme Court not to pursue disciplinary action against Mr. Mackey, that he cannot get a fair hearing in state court. He also states that "there is a constitutional issue" because Mr. Mackey violated his Sixth Amendment right to effective assistance of counsel.

Because he is proceeding *in forma pauperis*, Mr. Hauke's complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Based on this screening standard, Mr. Hauke's complaint must be **dismissed**. First, because Mr. Hauke suggests that his claims are brought under the Sixth Amendment, they are understood to be brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which permits a cause of action against federal actors that are alleged to have violated a person's constitutional rights. But a privately-retained lawyer is not a federal actor subject to suit under *Bivens*. *Cf. Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Because Mr. Mackey is not a federal actor, Mr. Hauke cannot bring a *Bivens* claim against him or his law firm and any Sixth Amendment claim is **dismissed**.

Even if Mr. Hauke's claim is understood to be a legal malpractice claim against Mr. Mackey, he still could not bring that claim in this Court. The Supreme Court has described federal jurisdiction as follows:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-

> question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). (internal footnote omitted). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

The Court has already determined that Mr. Hauke has failed to state a claim under the Sixth Amendment and dismissed that claim. While Mr. Hauke's allegations might also be understood to allege state law claims, such as legal malpractice, there is no other allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). Further, because the federal claim fails to state a claim upon which relief may be granted, Mr. Mackey may not rely on the Court's supplemental jurisdiction to entertain his state-law malpractice claim. *See* 42 U.S.C. § 1367(c)(3).

In short, the only federal claim the Court can identify has been dismissed and without a pending federal claim, the Court does not have jurisdiction over any related state law claim. Accordingly, Mr. Hauke's complaint must be **dismissed**. Mr. Hauke shall have **through September 14, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without

at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 8/13/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEENAN R. HAUKE
10409-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808